United States District Court
Southern District of Texas
**ENTERED**
July 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **RICARDO LOPEZ ORTEGON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00790** |
| | § | |
| **JUAN AGUDELO, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is a Ricardo Lopez Ortegon's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). On June 2, 2026, Petitioner filed an advisory informing the Court of his upcoming final removal hearing on June 4, 2026. (Dkt. 7.)

On June 17, 2026, the Court ordered the parties to file a status update on Petitioner's immigration proceedings, including whether Petitioner remains in detention. (Dkt. 8.) Respondents filed a timely status report informing the Court that an immigration judge terminated Petitioner's removal proceedings and he was subsequently released from ICE custody. (Dkt. 9.) Thus, Respondents assert that the Petition is moot because Petitioner is no longer in custody. (*Id.* at 1.) On the same day, Petitioner filed an advisory confirming that he was released from custody on or about June 5, 2026. (Dkt. 10.) Petitioner agrees to dismissal without prejudice but requests that the Court enjoin Respondents from redetaining Petitioner "unless they demonstrate, by clear and

convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." (*Id.* at 1.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, release from custody may render a habeas petition moot. *See Rocha v. Mayorkas*, 579 F. Supp. 3d 923, 929 (S.D. Tex. 2022); *Lemons v. Swann*, 412 F. App'x 672, 673 (5th Cir. 2011) ("In the context of habeas petitions . . . this court has dismissed a petitioner's appeal as moot upon the petitioner's release from custody"). However, there are exceptions to mootness when the noncitizen can show that he would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g., Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was released from custody on or about June 5, 2026, after his removal proceedings were terminated. (Dkt. 9 at 1; Dkt. 10 at 1.) Petitioner challenged his arrest as unlawful and his detention as unreasonable and prolonged in violation of constitutional and statutory limits. (*See* Dkt. 1.) Petitioner requested that the Court order Respondents to release Petitioner immediately, or alternatively, order a prompt, individualized custody hearing before a neutral immigration judge. (*Id.* at 31.) As Petitioner has now been released from confinement in DHS custody, the Petition for Writ of Habeas Corpus is moot because there is no relief to be effectuated by the Court. Although Petitioner requests that the Court enjoin Respondents from redetaining Petitioner unless they demonstrate by clear and convincing evidence at a pre-deprivation bond hearing that Petitioner is a flight risk or danger to the community, Petitioner has not shown that he

would suffer collateral consequences from his original detention or that there is a possibility for detention to recur in the future despite the termination of his immigration proceedings. *See, Umanzor*, 782 F.2d at 1301; *Rosales-Garcia*, 322 F.3d at 395–97. If future detention does occur, Petitioner may file another habeas corpus petition at that time.

Accordingly, Respondents' Motion for Summary Judgment, (Dkt. 5), is **GRANTED IN PART**. It is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** as moot and that all pending motions are terminated.

IT IS SO ORDERED.

SIGNED this July 2, 2026.

Diana Saldaña
United States District Judge